NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

COMMERCE REALTY ADVISORS, LTD, et al.,
*Plaintiffs/Appellees,*

*v.*

ZINKE INVESTMENTS LIMITED PARTNERSHIP, et al.,
*Defendants/Appellants.*

No. 1 CA-CV 16-0153
FILED 7-13-2017

Appeal from the Superior Court in Maricopa County
No. CV2011-019472
The Honorable Arthur T. Anderson, Judge

**AFFIRMED IN PART AND VACATED IN PART AND REMANDED**

COUNSEL

Nye LTD, Scottsdale
By Richard Q. Nye, Benjamin J. Branson
*Counsel for Defendants/Appellants*

Coppersmith Brockelman PLC, Phoenix
By John E. DeWulf, Roopali Desai
*Counsel for Plaintiffs/Appellees*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

**T H U M M A**, Judge:

¶1             Defendants Zinke Investments Limited Partnership and Bernard L. and Gloria J. Zinke (the Zinkes) appeal from a judgment, entered after a jury trial, awarding plaintiff CRA, LLC damages plus compound interest and attorneys' fees. The Zinkes allege there was insufficient evidence for the jury to award damages, that compound interest is improper and that CRA was not the successful party. Because there was sufficient evidence for the jury to award damages, and the award of attorneys' fees was proper, those portions of the judgment are affirmed. That portion of the judgment awarding compound interest, however, is vacated and this matter is remanded for the entry of an amended judgment awarding simple interest consistent with this decision.

## FACTS[1] AND PROCEDURAL HISTORY

¶2             For decades, the Zinkes operated a dairy farm on land they owned near Gilbert, Arizona. On November 4, 2003, the Zinkes entered an exclusive listing agreement (Agreement) with Commerce Realty Advisors, Ltd. (Commerce) for approximately 410 acres of land the Zinkes owned. Under the Agreement, the Zinkes were obligated to pay Commerce a 2.5 percent commission for the sale of any residentially-zoned property subject to the Agreement for, as relevant here, any "transaction commenced during" the five-year term of the Agreement. Under the Agreement, interest on any unpaid commission "shall accrue at the rate of eighteen percent (18%) per annum from the date due until paid." On November 5, 2008, Commerce assigned to CRA all its rights, privileges and interest under the Agreement.

---

[1] On appeal, this court views the evidence in the light most favorable to upholding the jury's verdict. *Powers v. Taser Int'l Inc.*, 217 Ariz. 398, 399 n.1 ¶ 4 (App. 2007).

¶3 In early 2008, the Zinkes began negotiating with Gilbert for its acquisition of some rights of way and, later, some parcels of property, including approximately 62 acres subject to the Agreement. The Zinkes did not inform Commerce of these negotiations. Gilbert's program manager testified that the Zinkes asked to delay signing the sale documents because the Agreement was going to expire. Closing documents for the sale were not finalized until March 2009, and Gilbert paid the Zinkes $300,000 per acre for the 62 acres acquired. The Zinkes did not pay CRA or Commerce any commissions for that sale.

¶4 CRA and Commerce later discovered the sale and unsuccessfully demanded that the Zinkes pay commissions under the Agreement. In November 2011, CRA and Commerce filed this action against the Zinkes, alleging breach of contract and breach of the covenant of good faith and fair dealing. On motion, the Zinkes obtained summary judgment against both CRA and Commerce. On appeal, this court affirmed as to Commerce but vacated and remanded as to CRA. In doing so, this court affirmed the superior court's award of attorneys' fees and costs against Commerce, but vacated the award against CRA.

¶5 On remand, the case went to a four-day jury trial in May 2015. Nearly 50 exhibits were received in evidence and 11 witnesses testified at trial. Because the Agreement applied only to residential property that was sold, the parties presented conflicting evidence on the zoning of the 62 acres sold to Gilbert. One of CRA's witnesses testified "[t]he current Town of Gilbert map indicates about 18 acres" of the 62 acres were rezoned commercial. Another testified the rezoned property could be "something less than a third" of the 62 acres, but that he "couldn't say. It could be 20, it could be 18." A Gilbert ordinance received in evidence described the land rezoned commercial as "approximately 30 acres." There was, however, testimony that the land described in the ordinance was "more than just Mr. Zinke's property."

¶6 At the close of the evidence, the Zinkes sought a judgment as a matter of law, arguing CRA "did not establish in their case [] the portion of the property that was zoned [] as non-residential," and, therefore, "it's not possible to calculate how much land [CRA] would be entitled to a commission on." The court denied the motion, noting conflicting evidence and adding the issue "I think, is more appropriately [] saved for closing argument."

**¶7**        The Zinkes requested a final instruction directing the jury that it could not speculate and to limit deliberations to evidence presented to determine damages. The court rejected the instruction.

**¶8**        During deliberations, the jury provided the court a note that the jurors had "reached a consensus" but still needed "to calculate the interest," asking "[c]an we have someone else do the calculation?" The court responded that the "verdict form does not require a calculated interest amount" and that the court would calculate the interest based on the jury's findings. The jury returned a verdict in favor of CRA and against the Zinkes. It awarded damages to CRA of $219,169.84 with interest at 18 percent per year from March 4, 2009 until paid.

**¶9**        CRA lodged a proposed form of judgment awarding compound interest, to which the Zinkes timely objected, arguing the interest should be simple. After hearing oral argument, the court denied the Zinkes' objection and entered a final judgment using compound interest. Finding the jury verdict made CRA the prevailing party, the court awarded CRA $449,046 in attorneys' fees under the Agreement and $9,211.06 in taxable costs. After numerous unsuccessful post-trial motions, including a motion for a new trial, the Zinkes appealed. This court has jurisdiction, following the entry of a final judgment pursuant to Arizona Rule of Civil Procedure 54(c)(2017)[2] pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.        Sufficient Evidence Supports The Jury's Award Of Damages.

**¶10**        This court will affirm the jury's verdict if substantial evidence supports it. *County of La Paz v. Yakima Compost Co., Inc.*, 224 Ariz. 590, 607 ¶ 52 (App. 2010). "Substantial evidence is evidence which would permit a reasonable person to reach the [fact-finder's] result." *In re Estate of Pouser*, 193 Ariz. 574, 579 ¶ 13 (1999). This court "will not disturb a jury's damage award unless it is so unreasonable and outrageous as to shock the conscience of this court." *Acuna v. Kroack*, 212 Ariz. 104, 114 ¶ 36 (App. 2006) (quotations and citations omitted).

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶11 The damages issues the Zinkes raise on appeal center on one argument: that CRA was required to prove with mathematical certainty the precise number of acres subject to the Agreement. The Zinkes argue "there was no evidence in this case from which the jury could have found the acreage of land sold which was zoned either residential or commercial at the time of sale let alone evidence to the level of certainty required here."

¶12 As CRA rightly points out, even under the Zinkes' theory of how the jury calculated damages,[3] the jury appears to have resolved in the Zinkes' favor the disputed factual issue about the number of acres subject to the Agreement. *See R & M Oxford Const., Inc. v. Smith*, 172 Ariz. 241, 247 (App. 1992) ("Conflicts of evidence are within the sole province of the trier of fact, as is the weight of the evidence and the reasonable inferences to be drawn therefrom."). The Zinkes did not request special interrogatories asking the jury to specify how it reached damages or how many acres of land it found were subject to the Agreement.

¶13 It is impossible to determine how the jury arrived at its verdict, "but, under the evidence presented in this case, the sum obviously can be justified." *Pioneer Constructors v. Symes*, 77 Ariz. 107, 111 (1954). The jury was provided with a valid city ordinance (including a map) and conflicting evidence describing the rezoning and, even using the Zinkes' calculations, the jury arrived upon a number more favorable to the Zinkes than they had argued at trial. This court will not disturb a jury's verdict "[w]here there are sufficient facts for the jury to consider, and where the verdict on those facts can be justified under some theory of law." *Id.*; *County of La Paz v. Yakima Compost Co., Inc.*, 224 Ariz. 590, 608 ¶ 54 (App. 2010) (noting assumptions underlying damage claim "had a basis in fact. Assessing their accuracy and reliability was a question of fact for the jury. Indeed, the jury may have rejected some of the assumptions as it failed to award the full amount of [claimant's] calculated damages. The trial court did not err by refusing to order a new trial or remit the verdict on this basis."); *see also Hammontree v. Kenworthy*, 1 Ariz. App. 472, 481 (1965)

---

[3] The Zinkes speculate the jury found 29.223 acres were zoned residential by taking the verdict of $219,169.48, divided by 2.5 percent to yield a sales price of $8,766,793.60 that, at the established per acre price of $300,000, would yield 29.223 acres of residential land. Apart from the fact that this speculation is not supported by the jury's answering a special interrogatory, at trial, CRA argued roughly 40 acres were residential and the Zinkes argued roughly 32.376 acres were residential. Therefore, even using the Zinkes' calculations, the jury found damages more favorable to the Zinkes than they had argued at trial.

(evidence was sufficient to support judgment on property's rental value where there "was no direct testimony as to its rental value," but there was other relevant testimony, including "the approximate number of acres" of the property); *Great W. Bank v. LJC Dev., LLC*, 238 Ariz. 470, 482 ¶ 41 (App. 2015) ("Reasonable certainty is therefore provided where there is 'some reasonable method of computing [the] net loss.'") (citation omitted). Given there is substantial evidence supporting the damages found by the jury, the superior court did not err in rejecting the Zinkes' challenges to that verdict.

¶14 Similarly, the court did not err in refusing the Zinkes' proposed jury instructions. On top of the fact that sufficient evidence supports the verdict, the court instructed the jury to "[d]etermine the facts only from the evidence produced in the court" and that it "should not guess about any fact." The Zinkes have made no showing that, in addition to these legally-correct instructions, the superior court also was required to give their requested final instruction that the jury could not speculate and was required to limit deliberations to evidence presented to determine damages.

¶15 On this record, the Zinkes have shown no error in the jury's damages award or in the jury instructions given.

## II. The Award Of Compound Interest Was Error.

¶16 The Zinkes challenge the judgment awarding compound interest and argue that only simple interest was allowed, asserting compound interest does not apply to an interest rate specified by contract unless expressly stated. CRA counters that the Zinkes waived this argument by failing to object to its trial evidence proving damages. CRA asserts "the only evidence before the jury on the parties' understanding of how interest was to be calculated was . . . testimony [by a CRA representative], and the Zinkes' objection" regarding interest "should have been made during trial," but was not, and is therefore "untimely."

¶17 The issue of whether interest is compound or simple is a question for the court, not the jury, to decide. Indeed, both in the form of verdict and in answering the jury's question, the superior court instructed the jury to determine damages, the rate of interest and the date from which interest was to accrue, but not whether interest was simple or compound. CRA did not object to this approach. Because the issue of whether interest is simple or compound was a matter for the court to decide, the time to address this aspect of interest was post-verdict, as the Zinkes did here. Accordingly, the Zinkes did not waive the issue. *See Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55 (1980) (noting waiver requires finding

of intentional relinquishment of known right or conduct warranting such an inference; claimed waiver based on inaction must include evidence of acts inconsistent with intent to assert right).

¶18	In addressing interest, the Agreement simply states "[i]f any amount payable to Broker is not paid when due, Interest on the unpaid amount shall accrue at the rate of eighteen percent (18%) per annum from the date due until paid." Neither the Agreement nor any persuasive evidence shows this interest provision contemplated compound interest. *See Cherokee Nation v. United States*, 270 U.S. 476, 490 (1926) ("The general rule, even as between private persons, is that, in the absence of a contract therefor or some statute, compound interest is not allowed to be computed upon a debt."); *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.*, 124 Ariz. 242, 267 (App. 1979) (declining to award compound interest in absence of express agreement to the contrary); *see also Westberry v. Reynolds*, 134 Ariz. 29, 34 (App. 1982) (construing statute for interest on legal indebtedness to require the application of simple interest unless a contract expressly provides for compound interest).

¶19	In arguing to the contrary, CRA relies on its disclosures and witness' trial testimony about damages, a number that was presumably reached using compound interest. CRA's complaint, designed to place the Zinkes on notice of its claims, alleged a single daily interest accrual rate, which by definition implies simple interest. Although later amended, at no time did CRA's pleading seek compound interest. CRA's disclosures do not constitute evidence of the parties' intent in the Agreement. Moreover, CRA's witness did not testify that the damages claimed included compounded interest and did not offer any evidence as to whether the parties intended in the Agreement for interest to be compound. These vagaries do not serve as evidence that the parties intended interest to be compound in the Agreement.

¶20	Given that absence of proof, and given the case law stating that interest is simple unless shown or agreed upon to the contrary, the judgment awarding compound interest was in error, and that portion of the judgment is vacated and remanded.

## III.    Attorneys' Fees.

**¶21**        The Zinkes challenge the superior court's award of attorneys' fees to CRA as the prevailing party. Under the Agreement, "the prevailing party shall be entitled to recover its reasonable attorneys' fees." First the Zinkes argue that the judgment should have been entered in their favor, not CRA, meaning the Zinkes were the prevailing parties eligible for an award of fees. Because this court has rejected those arguments, the Zinkes' argument they should be the prevailing party similarly fails.

**¶22**        The Zinkes next claim the fees awarded to CRA were excessive. The Zinkes note that Commerce and CRA have been represented by the same attorney throughout the litigation; that the Zinkes prevailed on summary judgment against Commerce and were awarded attorneys' fees and that the superior court, after trial against CRA, "awarded CRA all fees incurred throughout this entire lawsuit, including those incurred on behalf of Commerce."

**¶23**        The Zinkes' factual predicate –- that the superior court's award of fees to CRA "include[ed] those incurred on behalf of Commerce" –- is not supported by the record. Indeed, the Zinkes provide no record citation supporting that argument. It is true that, given the judgment in favor of the Zinkes against Commerce in the prior appeal, this case has resulted in a situation where: (1) the Zinkes are the prevailing party with an award of fees in their favor for the claims by Commerce and (2) CRA is the prevailing party with an award of fees in its favor for its similar claims against the Zinkes. But to the extent those awards are anomalous, it is because they are the product of claims involving at least one different party.

**¶24**        The Zinkes' judgment against Commerce and CRA was for $101,697 in attorneys' fees. Although the portion of that judgment against CRA was vacated, the Zinkes continue to seek a judgment against Commerce for that exact same amount: $101,697. Thus, by their own conduct, the Zinkes appear to concede that the amount of fees incurred before the first appeal does not turn on whether Commerce, CRA or both were parties to the litigation.

¶25        Comparing the magnitude of the claims for attorneys' fees similarly shows there was no error here. The Zinkes' judgment against Commerce was for $101,697 in attorneys' fees.[4] Because Commerce was not the successful party, it filed no application for an award of attorneys' fees, so the amount of fees it incurred is not set forth in the record. If, however, the $101,697 the Zinkes were awarded against Commerce is a proxy for the fees Commerce incurred, the superior court's award here appears to have accounted for that work.

¶26        After trial, CRA requested an award for attorneys' fees against the Zinkes that, excluding mediation costs, totaled $542,027. After full briefing and argument, the superior court awarded CRA $449,046 in fees against the Zinkes. This award was $92,981 less than the amount CRA requested. That difference approximates (although is slightly less than) the amount the Zinkes were awarded against Commerce. On this record, the superior court properly could have exercised its discretion to conclude CRA would have incurred $8,716 in attorneys' fees up to that point regardless of Commerce's involvement. In any event, these differences provide no support for the Zinkes' argument that CRA was awarded fees that, in fact, the Zinkes were awarded against Commerce.

¶27        Finally, even if not discounted, the superior court could have concluded that the legal work performed for both CRA and Commerce up through the mandate in the first appeal would have been essential for CRA regardless of whether Commerce was involved. On this additional basis, the Zinkes have not shown the superior court's award of fees in favor of CRA was in error. *See Pettay v. Ins. Mktg. Services, Inc.*, 156 Ariz. 365, 368 (App. 1987) (noting superior court "has broad discretion in fixing the amount of attorney's fees"); *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 261 ¶ 27 (App. 1998) (noting fee award will not be disturbed if supported by "any reasonable basis").

¶28        The Zinkes and CRA request attorneys' fees and costs on appeal pursuant to Arizona Rule of Civil Appellate Procedure 21 and the Agreement. Because they are not the prevailing parties on appeal, the Zinkes' request for fees and costs is denied. CRA's request for an award of reasonable attorneys' fees and costs incurred on appeal is granted,

---

[4] Although the memorandum decision on appeal awarded the Zinkes' attorneys' fees they incurred on appeal involving Commerce, no such application was made and no fees were awarded in that appeal.

contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶29**      That portion of the judgment for CRA awarding compound interest is vacated; the remainder of the judgment is affirmed and this matter is remanded for the entry of an amended judgment awarding simple interest consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:   AA